DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1999-196 |
| CARL F. CHRISTOPHER and CEDELLE ) | |
| CHRISTOPHER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
*For the Plaintiff*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
*For the Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Reconsideration of Judgment and Order Entered June 8, 2012" filed by Defendants Carl F. Christopher and Cedelle Christopher (collectively, "Defendants") on June 22, 2012. (Dkt. No. 72). By this Motion, Defendants ask the Court to reconsider its June 8, 2012 decision whereby it granted summary judgment in favor of Plaintiff, the United States of America, on its breach of contract and foreclosure causes of action. (Dkt. Nos. 70, 71). For the reasons discussed below, the Court will deny Defendants' Motion for Reconsideration.

## I. BACKGROUND

The background in this case was set forth in detail in the June 8, 2012 Memorandum Opinion granting Plaintiff's Motion for Summary Judgment. (Dkt. No. 71). The Court will recite only the facts and procedural history necessary to place the instant Motion for Reconsideration in context.

### A. Facts

On May 22, 1981, the United States, acting through the U.S. Department of Agriculture, Farmers Home Administration, loaned Defendants $37,450.00, pursuant to Title V of the Housing Act of 1949, 42 U.S.C. § 1471 *et seq*. Defendants executed and delivered to the United States a promissory note (the "Note") in which they promised to pay the United States the principal sum of $37,450.00, together with interest at the rate of 13.0% per annum. (Dkt. No. 55-1). Also on May 22, 1981, the Defendants executed and delivered to the United States a real estate mortgage (the "Mortgage") covering certain land and premises in Estate Sprat Hall, St. Croix, U.S. Virgin Islands, to secure payment of the indebtedness owed by Defendants to the United States under the Note. (No. 55-2). On May 22, 1981, Defendants also entered into a Subsidy Repayment Agreement with the United States, wherein Defendants became responsible for repaying the interest credits or Homeownership Assistance program subsidy, for which they were eligible under the loan, upon foreclosure of the Mortgage. (Dkt. No. 55-3).

On May 22, 1990, the Defendants and the United States entered into a Reamortization and/or Deferral Agreement for the then unpaid principal balance of $36,984.36 on the May 22, 1981 Note. (Dkt. No. 55-4). Thereafter, Defendants stopped paying on the Note and Reamortization and/or Deferral Agreement and fell into default on August 19, 1997. (Dkt. No. 55-5). According to the United States, as of September 7, 2011, Defendants owed the United

States $38,736.71 in principal; $82,890.19 in unpaid interest; $5,400 in subsidy recapture; $36,190.87 in fees and costs (including interest on unpaid fees), for a total amount of $163,217.77, with interest accruing at $13.80 per day until the date of judgment. (Dkt. Nos. 55-5, 55-6).

### B. Procedural History

On April 14, 1999, the District Court for the District of Columbia issued a Consent Decree in a class action entitled *Pigford v. Glickman, et al.* which settled claims of discriminatory treatment against African-American farmers regarding the issuance of certain loans by the United States Department of Agriculture. *See Pigford v. Glickman*, 185 F.R.D. 82, 86 (D.D.C. 1999). Defendants were members of that class. The Consent Decree created a resolution mechanism whereby a class member could file a claim with an "adjudicator" who, after giving the Government time to respond, would then make a recommendation with respect to whether the claim should be approved or indicate its inability to make a recommendation. (Dkt. No. 66-1). Defendant Carl Christopher transmitted his claims package to the Adjudicator (Dkt. No. 66-4) who, in November 2002, "[a]pproved in part and denied in part" the claims, finding that one of Defendant's loans was discriminatorily denied, and providing him, *inter alia*, a $50,000 cash payment as required by the Consent Decree. However, the Adjudicator found that the claim asserted with respect to the loan that is the subject of this action was not covered by the Consent Decree. (Dkt. No. 66-2). Defendants did not contest the Adjudicator's decision.

Meanwhile, on December 1, 1999, the Government filed the Complaint in this matter against Defendants alleging breach of contract and foreclosure causes of action. (Dkt. No. 1). Shortly thereafter, the Court stayed the case because Defendants were class members in a class action brought by Virgin Islanders alleging race, gender, and national origin discrimination

against the Secretary of Agriculture in connection with loan applications. (Dkt. No. 6). The Virgin Islands class action was ultimately dismissed, the appeal was denied, and the Court lifted the stay on February 4, 2010. (Dkt. No. 26).

The Government filed a Motion for Summary Judgment on September 20, 2011 (Dkt. No. 54), which Defendants opposed. (Dkt. No. 65). In an affidavit submitted in support of Defendants' Opposition to the Motion for Summary Judgment (the "Christopher Affidavit"), Carl Christopher averred, *inter alia*, that Defendants had entered into four separate loans with the Farmers Home Administration, including the loan at issue in this matter. He further stated that, in 1989, Defendants sold a large portion of their property to the "Bolt Family Trust" which, with the Government's assent, assumed three of the four loans. (Dkt. No. 65-1).

In the June 8, 2012 Memorandum Opinion granting Plaintiff's Motion for Summary Judgment, the Court found that the Government had provided evidence to support all of the elements of both its breach of contract and foreclosure causes of action, and had demonstrated that it had been damaged in the amount of $163,217.77 as of September 7, 2011. (Dkt. Nos. 55-5, 55-6). The Court rejected Defendants' arguments, set forth in the Christopher Affidavit, that: (1) there was a genuine issue of material fact as to whether Defendants were "fairly treated and serviced by Plaintiff and the amount Defendants owe on the loan, if any." (Dkt. No. 65 at 4); (2) due to their participation in the *Pigford* class action and the settlement in that case, the debt at issue in this matter had been relieved, (Dkt. No. 65-1 at ¶ 12); (3) the interest rate on the loan was extremely high, and that the outstanding balance on the loan was incorrect, *id*. at ¶ 13; and (4) the Government improperly "made no effort to assist [them] in refinancing or restructuring the loan to lower the interest rate to a favorable and manageable debt." *Id*. The Court held that

the Christopher Affidavit did not "create a genuine issue of material fact as to any elements of the Government's causes of action." (Dkt. No. 71 at 10).

In their Motion for Reconsideration, Defendants attempt to integrate the three loans assumed by the Bolt Family Trust with the loan at issue in this action for purposes of arguing that Defendants are due a credit on the balance due to Plaintiff in the amount of some percentage of the value of the notes paid by the Bolt Family Trust. (Dkt. No. 72 at 3). Defendants further argue that: the transaction by which the four loans were restructured was unconscionable; the restructured interest rate on the three Bolt Family loans was too high; and Defendants were unfairly treated. *Id.* at 4. Attached to Defendants' Motion for Reconsideration is the same Christopher Affidavit that they submitted in opposition to the Motion for Summary Judgment, (Dkt. No. 72-1), as well as some documents that Defendants are producing for the first time. (Dkt. Nos. 72-2 to 72-17).

## II. DISCUSSION

A motion for reconsideration must be based on at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available. . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such motions "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)); *see also* LRCi 7.3. Reconsideration "is an extraordinary remedy and should be granted sparingly." *Boldrini v. Wilson*, 2013 WL 619774, at *1 (M.D. Pa.

Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)).

The grounds upon which Defendants are relying as the basis for their Motion for Reconsideration is unclear because the motion is bereft both of any reference to the standard for such a motion as well as any argument applying that standard. In any event, the motion cannot be based upon newly-discovered evidence, because argument regarding the loans assumed by the Bolt Family Trust was previously offered by Defendants in response to the Motion for Summary Judgment, and rejected by the Court. The Court concluded that those loans were not the subject of the instant lawsuit.[1] To the extent that Defendants are attempting to take a second bite at the apple by rearguing, recasting, or reshaping their earlier argument, or raising explanations that could have been presented before, a motion for reconsideration is unavailing. *See Prusky v. Prudential Ins. Co. of Am.*, 44 F. App'x 545, 548 n.1 (3d Cir. 2002) (explaining that the purpose of a reconsideration motion "is not to allow a party to simply change[ ] theories and [try] again, thus giving them a second bite at the apple.") (quotation omitted); *Green v. Apker*, 153 F. App'x 77, 80 n.5 (3d Cir. 2005) (affirming district court's denial of motion for reconsideration "which

---

[1] In its prior Memorandum Opinion, the Court stated:

> The loans assumed by the Bolt Family Trust, which were issued in 1978 and 1980, are not the subject of this lawsuit, and Defendants do not explain how documents regarding payments on those loans are material to this case. Moreover, the Government *has* provided information to the Defendants (and the Court) regarding how much Defendants *owe* on the loan at issue *in this case*. (*See* Aff. of Georgetta Graham at ¶ 6, Dkt. No. 55-5; Certificate of Indebtedness, Dkt. No. 66-6; *see also* September 22, 2010 Certificate of Indebtedness and Payoff Information Sheet, Dkt. No. 49-6). As discussed above, Defendants have not proffered any challenge to the amount claimed to be due by the Government on the loan at issue here sufficient to create a genuine issue of material fact.

(Dkt. No. 71 at 12) (footnote omitted).

simply attempted to reargue the claims he raised initially"); *Boldrini*, 2013 WL 619774 at *2 (denying motion for reconsideration for improperly raising "the same arguments that have previously been found unpersuasive"); *Greene*, 2012 WL 4755061, at *2; *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."). Moreover, aside from counsel's argument, which is unsupported by any citation to the record (Dkt. No. 72 at 3), there is nothing that establishes the relevance of the three separate loans assumed by the Bolt Family Trust to the loan at issue in this case.[2]

The Motion for Reconsideration also cannot be grounded in an intervening change in the law. The arguments advanced by Defendants are not premised on any new law. Indeed, Defendants cited only two cases in their Motion—one from 1958 and the other from 1990—involving equitable relief. These references do not suggest "an intervening change in controlling law." *Max's Seafood*, 176 F.3d at 677.

If Defendants are relying on the third reconsideration factor as grounds for their Motion—manifest injustice—they would have to show that "the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Greene*, 2012 WL 4755061, at *2

---

[2] Defendants have submitted the same Christopher Affidavit in support of this Motion that they submitted in opposition to the Motion for Summary Judgment. Although exhibits have now been presented—with no explanation as to why they were not previously submitted—these exhibits simply do not fit within the meaning of "new evidence." *See Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 2012 WL 3279243, at * (E.D. Pa. Aug. 13, 2012) ("Simply stated, 'new evidence' does *not* mean 'newly presented' or 'newly cited' evidence. Where particular evidence was not in the record when the district court decided a summary judgment motion, 'a party may not submit that evidence in support of a motion to reconsider a grant of summary judgment.'") (quoting *Pavlik v. Lane Ltd./Tobacco Exps. Int'l*, 135 F.3d 876, 882 n.2 (3d Cir. 1998)). In any event, Defendants have failed to explain how these new exhibits are relevant to the issue before the Court.

(quoting *In re Rose,* 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Courts will entertain a motion relying on this factor where the overlooked matter "might reasonably have resulted in a different conclusion." *Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998). Defendants' brief does not contain any argument that the June 8, 2012 Memorandum Opinion overlooked some dispositive factual or legal matter when adjudicating the Motion for Summary Judgment. Thus, this ground cannot provide the basis for the Motion for Reconsideration.

In sum, Defendants have failed to demonstrate that reconsideration of this Court's June 8, 2012 Memorandum Opinion, and accompanying Judgment and Order granting summary judgment in favor of Plaintiff United States, is warranted. The Court will therefore decline Defendants' request to reconsider its earlier decision.

### III.   CONCLUSION

For the reasons discussed above, Defendants' Motion for Reconsideration will be denied. An appropriate Order accompanies this Memorandum Opinion.

Date: March 22, 2013                _____/s/_____
                                     WILMA A. LEWIS
                                     District Judge