DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1999-196 |
| CARL F. CHRISTOPHER and CEDELLE ) | |
| CHRISTOPHER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
 *For the Plaintiff*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendants*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion to Stay Writ of Execution Entered October 22, 2013" filed by Defendants Carl F. Christopher and Cedelle Christopher (collectively, "Defendants") on November 7, 2013. (Dkt. No. 82). By this Motion, Defendants state that they have "filed a Notice of Appeal of the decision in this matter to foreclose on Plot No. 33 Estate Sprat Hall, Frederiksted, St. Croix, U.S. Virgin Islands" (*id.* at 1), and request that the writ of execution issued on October 22, 2013 (Dkt. No. 81) be stayed pending the outcome of the appeal. The United States filed an Opposition to Defendants' Motion on November 20, 2013. (Dkt. No. 83). For the reasons that follow, the Court will deny Defendants' Motion.

**DISCUSSION**

On June 8, 2012, the Court entered a Judgment and Order against Defendants awarding Plaintiff Judgment in the amount of $166,998.05, foreclosing on the property, and ordering the property sold at a public sale. (Dkt. No. 70). Defendants filed a Motion for Reconsideration of the Judgment and Order, which the Court denied on March 22, 2013. (Dkt. No. 76, 77). Defendants then filed a Notice of Appeal on April 5, 2013. (Dkt. No. 78). The Government proceeded to execute on the Judgment, and the Clerk of Court issued a Writ of Execution on October 22, 2013. (Dkt. No. 81). Defendants now seek a stay of the Writ of Execution. (Dkt. No. 82).[1]

In *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985), the Third Circuit explained that the timely filing of a notice of appeal "'is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 120 (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). While filing a notice of appeal generally divests a district court of jurisdiction over a case, there are a "limited number of circumstances in which a district court has the power to act after an appeal is filed." *Doran v. Courtright (In re Advanced Electronics, Inc.)*, 283 F. App'x 959, 963 (3d Cir. 2008). "[D]uring the pendency of an appeal, a District Court 'is not divested of jurisdiction to . . . issue orders regarding the filing of . . . supersedeas bonds' or issuing a stay." *Hilburn v. Bayonne Parking Auth.,* 2013 WL 1721648, at *1 (D.N.J. Apr. 19, 2013) (quoting *Advanced Electronics*, 283 F. App'x at 963) (citing Fed. R. App. P. 8(a)(1) (A)-(B) ("A party must ordinarily move first in the district court for the following

---

[1] Although denominated as a Motion to Stay the Writ of Execution, Defendants are essentially seeking a stay of the Court's March 22, 2013 Order, which denied Defendants' Motion for Reconsideration of the Court's earlier Judgment and Order that provided the authority for the Clerk of Court to issue the Writ of Execution.

relief: (A) a stay of the judgment or order of a district court pending appeal; [or] (B) approval of a supersedeas bond.")). Accordingly, this Court possesses jurisdiction to adjudicate Defendants' Motion for a Stay.

Federal Rule of Civil Procedure 62, entitled "Stay of Proceedings to Enforce a Judgment," sets forth the circumstances in which a district court may enter a stay of proceedings. Rule 62(d) states in pertinent part: "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The stay takes effect when the court approves the bond."[2] The Court will therefore evaluate Defendants' Motion pursuant to Rule 62(d).

A party appealing a district court's decision "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *Pharmacia Corp. v. Motor Carrier Servs. Corp.*, 2008 WL 852255, at *4 (D.N.J. Mar. 28, 2008) (internal citation omitted). While a district court may exercise its discretion to waive the supersedeas bond requirement, courts do so only in "exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest." *Tomasko v. Ira H. Weinstock. P.C.*, 2009 WL 613590, at *2 (M.D. Pa. Mar. 6, 2009) (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758 (D.C. Cir. 1980)). The party seeking waiver of the bond requirement bears the burden of demonstrating that posting a full bond is "impossible or impracticable" or proposing "a plan that will provide adequate (or as adequate as possible) security" for the judgment creditor. *Hilburn*, 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013) (quoting *AMG Nat'l Trust Bank v. Ries*, 2008 WL 2312352, at *1 (E.D. Pa. June 4, 2008)).

---

[2] "A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Pharmacia Corp. v. Motor Carrier Servs. Corp.*, 2008 WL 852255, at *4 (D.N.J. Mar. 28, 2008).

3

Here, Defendants have not posted a supersedeas bond; nor have they indicated that they are prepared to do so. As the Court held in *Bank of Nova Scotia v. Pemberton*, 964 F. Supp. 189 (D.V.I. 1997): "It would be inequitable to require the creditors to incur additional expenses, without some guarantee, either in the form of a supersedeas bond or other security, that their expenses will be repaid and the judgment collected if they ultimately prevail." *Id.* at 193. Accordingly, Defendants are not entitled to a stay as of right pursuant to Rule 62(d) as they have not posted a supersedeas bond nor have they requested a waiver.

The Court may also grant a stay pending appeal by assessing four factors:

'(1) whether [Defendants have] made a strong showing that [they] are likely to succeed on the merits; (2) whether [Defendants] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.'

*Id.* at 190 (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). The Court will deny Defendants' Motion on this alternate basis because they have provided no support for the relief they seek. Their Motion is "bereft both of any reference to the standard for [a stay pending appeal] as well as any argument applying that standard." *United States v. Christopher*, 2013 WL 1181962, at *3 (D.V.I. Mar. 22, 2013); *see also Nken v. Holder*, 556 U.S. 418, 433-34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion" in awarding a stay).

The only rationale Defendants offer is:

The damages that will be done to the Defendants needs to be reconsidered more cautiously since there are federal mandates by the Executive, Legislative, and Judicial Branches of the U.S. investigating the present horrors the American families have been and are experiencing in the home foreclosure of the Mortgage Lending Industry. The initiative of the Executive Branch of the U.S. Government on Financial Fraud Enforcement Task Force and the victory accomplished through the National Mortgage Settlement as public initiatives are holding mortgage lenders and institution[s] accountable for their actions. The Plaintiff is a

4

> Federal Lending Institution that comes under the Banking and Bank Laws of the USC Title 12 Banks and Banking as well as Title 42 Section 1983 Lawsuits.

(Dkt. No. 82 at 1-2). This explanation is vague and unpersuasive, and the Court finds that Defendants have failed to make any showing that they are likely to succeed on the merits of their claims. With regard to the second factor, Defendants may be irreparably injured if the Court denies the motion to stay in view of the impending foreclosure. *See Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 256 n.14 (3d Cir. 2011) (citing cases for proposition that foreclosure causes irreparable injury because it results in loss of unique real property).

The Court finds that the third factor—substantial injury to other interested parties—weighs in favor of Plaintiff. In previous filings, Plaintiff has shown how it has been injured as a result of the twelve-year delay it has experienced in reaching this stage of the foreclosure litigation, while continuing to incur costs for taxes and insurance to protect its interest in the property. Finally, the fourth factor—where the public interest lies—also favors Plaintiff because, in instances—as here—where there is no showing of a likelihood of success, "there is an interest in respecting the finality of the . . . foreclosure judgment and avoiding interference with that judgment." *Clark v. U.S. Bank Nat'l Assoc.*, 2004 WL 1380166, at *8 (E.D. Pa. June 18, 2004).

In addition to the fact that Defendants never argued the application of the stay factors, any irreparable harm that may befall them is not, by itself, a sufficient ground to grant a stay pending appeal. In a case involving a motion for a stay pending appeal, in which the district court had denied Plaintiff's motion for a preliminary injunction, the Third Circuit noted that "[s]uch stays are rarely granted, because in our Court the bar is set particularly high." *Conestoga Wood Specialties Corp. v. Sec'y of HHS*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). In discussing the applicable legal standard, the Court stated that all four factors must favor such relief, and that it would "examine each factor and determine whether [the movant has] met [its]

burden as to each element." *Id.* at *1, *2. In other words, even if irreparable harm is established, that alone is not dispositive. *See Westmont Dev. Group, LLC v. Twp. of Haddon*, 2009 WL 2230910, at *2 (D.N.J. July 24, 2009) ("'The only factor favoring a stay is irreparable harm, but this alone is insufficient to support a stay pending appeal.'") (quoting *United States v. Trenk*, 2009 WL 1298420, at *5 (D.N.J. May 8, 2009)).

In sum, the Court finds that, when the factors are balanced, a stay pending appeal is not warranted. *Hilton*, 481 U.S. at 777-78.

Accordingly, it is hereby

**ORDERED** that Defendants' "Motion to Stay Writ of Execution Entered October 22, 2013," (Dkt. No. 82) is **DENIED**.

**SO ORDERED**.

Date: December 20, 2013 _____/s/_____
WILMA A. LEWIS
Chief Judge